**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**HAMP R. STOKES**                                                                          **PLAINTIFFF**

**v.**                                   **No. 4:23-CV-00754-JM**

**MR. COOPER GROUP, *ET AL.***                                                   **DEFENDANTS**

<u>**ORDER**</u>

Pending is Defendants' Motion to Dismiss (Doc. No. 19).  Plaintiff responded.[1]  For the reasons stated below, the motion is GRANTED.  Plaintiff's Motion for Temporary Restraining Order and Motion to Compel (Doc. Nos. 22, 23) are DENIED.

**I.       BACKGROUND**

Plaintiff's Amended Complaint alleges that Defendants, mortgagees of Plaintiff's property, committed fraud in the concealment, "unconscionable contracts," breach of fiduciary duty, intentional infliction of emotion distress, and slander of title related to a 2010 mortgage and an upcoming foreclosure sale.  Plaintiff "seeks to quiet title" and "a judicial declaration that the title to the subject property is vested in plaintiff[] alone . . . ."[2]

**II.      APPLICABLE LAW**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[3]  To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the factual allegations in a complaint "must be enough to raise a right to relief above the speculative

---

[1]  Doc. No. 21.

[2] Doc. No. 4.

[3] Fed. R. Civ. P. 8(a)(2).

level."[4]  A complaint must be dismissed if it does not plead "enough facts to state a claim for

relief that is plausible on its face."[5]  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."[6]  The Court must find "enough factual matter (taken as true) to

suggest" that "discovery will reveal evidence" of the elements of the claim.[7]  The evaluation

prompted by a 12(b)(6) motion requires the court to construe the complaint in the light most

favorable to the plaintiff and to accept as true the factual allegations of the complaint.[8]

## III.    DISCUSSION

With only conclusory allegations, Plaintiff alleges that a 2010 mortgage he and his wife

signed is invalid.  First, Defendants were not even a party to the 2010 mortgage.[9]  Second, even

if Plaintiff's allegations were true, the looming foreclosure[10] that Plaintiff is attempting to avoid

relates to a 2013 mortgage that is uncontested.[11]  All of Plaintiffs claims are meritless.

---

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[5] *Id.* at 570.

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that the plausibility standard does not require a probability but asks for more than a sheer possibility that a defendant has acted unlawfully).

[7] *Twombly*, 550 U.S. at 558, 556.

[8] *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); see also *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018).

[9] Doc. No. 20-1.

[10] Doc. No. 21 at 80-85.

[11] Doc. No. 20-3.

## CONCLUSION

For the reasons set out above, Defendants' Motion to Dismiss (Doc. No. 19) is GRANTED.  This case is DISMISSED without prejudice.  Plaintiff's Motion for Temporary Restraining Order and Motion to Compel (Doc. Nos. 22, 23) are DENIED. The Clerk is directed to close the case.

IT IS SO ORDERED this 12th day of January, 2024.

_____
UNITED STATES DISTRICT JUDGE